By the Court,

Bronson, J.
The order of the commissioner staying proceedings on the execution is of no greater force than the many other orders which he is authorized by law to make in relation to matters pending in this court. The acts of the officer in such cases are always open to review by the court, and can be set aside or modified as the ends of justice may require.
The record is not removed from this court by a writ of error, and whatever is done for enforcing the judgment must be done here.
This brings us to the main question in the cause, viz. what should have been the penalty of the error bond 1 When it is intended that the writ of error shall operate as a stay of execution, the *164 penalty of the bond must be “ at least double the sum recovered by the judgment.” (2 R. S. 595, § 27.) In point of form the sum recovered by this judgment was $120,000, the penalty of the defendant’s bond. But courts of law, as well as courts of equity, now look beyond the form in such cases, and enquire what sum was really due. That depends on the condition of the obligation. In actions upon bonds, the plaintiff nominally has judgment for the penalty; but he can only collect what appears by the condition to be due. Not the whole sum mentioned in the condition,; but so much only as has become payable. In effect, that is the sum recovered by the judgment, and should, I think, be so regarded in fixing the penalty of the error bond. There is no delay of execution beyond that sum.
Where the judgment was upon a penal bond, there was formerly a difference in practice between the courts of K. B. and C. B. as to the amount in which bail in error should be bound; but both courts agreed that it was sufficient for the bail to justify in double what was really due. (Serra v. Munez, 2 Str. 821; Moor v. Lynch, 1 Wil. 213; Dixon v. Dixon, 2 Bos. & Pull. 443.) And now by one of the general rules of Hil. T. 2 W. 4, it is settled as to all the courts that a recognizance of bail in error, in case of a penalty, shall be taken “ in double the sum really due, and double the costs.” (1 Dowl. P. C. 186; 1 Moore & Scott, 418; 3 Barn. & Adol. 377; 2 Cromp. & Jer. 175; 2 Ter. 343.) I do not find that a question has ever arisen as to the proper sum when the condition is to pay in instalments, a part only of which have become payable; but I think the sum “ really due ” in such a case is the amount which has become payable and for which execution might issue but for the writ of error.
At the time the judgment of affirmance was rendered in this case, the sum appearing to be due by the condition of the bond was $16,200, and the damages and costs recovered were $305,74 -—making together $16,505,74. A bond with a penalty in double that sum would have been sufficient. ,,,
But the error bond has a penalty of only $5000. That sum was fixed with reference to the amount due on the bond at the *165 time the original action was commenced in the superior court, with the addition of damages and costs. But although only $1800 was in arrear at the time the suit was commenced, the plaintiffs were entitled to execution for all that had become due up to the time of the judgment of affirmance; and I am unable to give the statute a more favorable construction for the defendant than that which regulates the penalty of the error bond by the amount for which execution might issue if not stayed by a writ of error.
It is true that at the time the judgment was recovered, the comptroller, who is the assignee of the plaintiffs, had only authorized them to collect $1800 on the bond. But I do not see how that fact can affect the present question. The suit is brought, as it must be, in the name of the payees in the bond. If they are only entitled to a part of the money which has fallen due, then as to the residue they are suing as trustees for the comptroller; and so far as appears, they are doing so with his full approbation. And I may add, that no question about the title to the money when paid, can affect the inquiry concerning the sum recovered by the judgment. That will be the same, whoever may get the money.
The motion must be granted, unless the plaintiff in error pays the costs of the motion, executes a new bdnd in the penalty of at least double the sum of $16,505,74, and the sureties justify within twenty days.
Ordered accordingly.